132 F.3d 39
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
G.S. RASMUSSEN & ASSOCIATES, INC., Plaintiff-Appellant--Cross-Appellee,
v.
KALITTA FLYING SERVICE, INC., CONNIE KALITTA SERVICES, INC.,
Defendants-Appellees--Cross-Appellants.
 No. 96-56496, 96-56588.
 United States Court of Appeals, Ninth Circuit.
 Dec. 11, 1997.
 
 Appeal from the United States District Court for the Central District of California
 Before: HALL, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 GADBOIS
 
 2
 G.S. Rasmussen & Associates, Inc. (Rasmussen) appeals the district court's award of $95,000 ia damages on its unjust enrichment claim against Connie Kalitta Services, Inc. (CKS) followirg this court's remand in G.S. Rasmussen & Assocs. v. Kalitta Flying Service, Inc., 958 F 2d 896 (9th Cir.1992) (Rasmussen I ). CKS cross-appeals the district court's refusal on remand from Rasmussen I to apply Michigan law instead of California law to its dispute with Rasmussen. We have jurisdiction, 28 U.S C. § 1291, and we affirm.
 
 
 3
 * Or cross-appeal, CKS argues that the district court on remand erred in applying California law to Rasmussen's claims of unjust enrichment and conversion. CKS argues that it never agreed to the application of any state law as it focused its argument before the district court solely on whether federal law preempted Rasmussen's common law claims, and thus Rasmussen I erroneously assumed that CKS and Rasmussen agreed that the appropriate state law covering their dispute was that of California. CKS argues that the district court was not bound by this erroneous assumption and, on remand, the district court should have applied Michigan law to Rasmussen's dispute with CKS. Finally, CKS argues that, under Michigan law, Rasmussen's claims for either conversion or unjust enrichment fail as Michigan law would not recognize a protectable property interest in Rasmussen's STC.
 
 
 4
 We refuse to revisit the choice of law question decided by Rasmussen I. Before either the district court or the Rasmussen I court, CKS could have argued that Michigan law was the appropriate state law'to apply to Rasmussen's common law claims as an alternative to CKS's primary argument of federal preemption. CKS failed to make this alternative argument despite two opportunities to do so, and, based on the arguments and record before it, the Rasmussen I court could have reasonably assumed that the parties implicitly agreed to the application of California law to their dispute.
 
 
 5
 Furthermore, CKS could have, but did not, challenge this allegedly erroneous assumption by raising this issue in a petition for rehearing under Fed. R.App. P. 40(a). CKS chose instead to file a petition for certiorari with the Supreme Court, mentioning the choice of law issue in this petition. The Court denied CKS's petition, Kalitta Flying Service, Inc. v. G.S. Rasmussen & Assocs., 508 U.S. 959 (1993), and, in any event, would not have cirrected any possible mistake of fact. CKS thus did not avail itself of the appropriate mechanism to correct what it thought was an erroneous application of state law, Left undisturbed, Rasmussen I's application of CaLifornia law became law of the case and, absent an exception to the law of the case doctrine, the district court was hound to apply California law. Jeffries v. Wood, 114 F.3d 1484, 1489 (9th Cir.), cert. denied 66 U.S.L.W. 3157 (1997) (No. 97-289).
 
 
 6
 CKS has not shown how its situation falls under any of the exceptions listed in Jeffries. CKS made no attempt to introduce new evidence showinc that it had not agreed to California law nor did it meet its burden to show that Rasmussen I's application of California law was clearly erroneous and manifestly unjust. As CKS has failed to come within any cf the exceptions to the law of the case doctrine, the district court did not abuse its discretion in following Rasmussen I and applying California law to the dispute between Rasmussen and CKS
 
 II
 
 7
 On direct appeal, Rasmussen argues that, based on the law of the case doctrine, the district court erred in finding that Rasmussen was not entitled to recover from CKS on its unjust enrichment claim. Moreover, Rasmussen argues that the district court erred in alternatively finding that, if Rasmussen had prevailed on its unjust enrichment claim, its recovery would be the same $95,000 license fee that the district court awarded Rasmussan on its conversion claim. Rasmussen argues that under the theory of unjust enrichment, it is entitled to recover the benefit that CKS gained from using Rasmussen's STC to modify one of its planes to carry more cargo, and this benefit equals the millions of dollars in additional revenue that CKS made from employing this modified plane in its freight business. Otherwise, it submits, others will not be deterred from benefitting from the use of an STC without the owner's permission. Rasmussen therefore contends that CKS's additional revenue should be disgorged.
 
 
 8
 However, we cannot say that the district court abused its discretion in awarding Rasmussen $95,000 on its unjust enrichment claim. While the district court apparently forgot that it had wiped cut its pre-trial summary judgment on unjust enrichment, it nevertheless found in the alternative that Rasmussen's measure of damages would be the same on either unjust enrichment or conversion: $95,000. The district court therefore complied with Rasmussen I's direction that on remand the district court should fix the terms of the quasi-contract between Rasmussen and CKS.
 
 
 9
 Furthermore, we cannot say that the district court's measure of damages under the terms of this implied contract was clearly erroneous. CKS did not resell or relicense Rasmussen's license; rather, CKS used Rasmussen's STC to modify one of its own airplanes without buying a license from Rasmussen for $95,000 or developing its own STC for about the same cost. This amount of money ($95,000) represents the cost that CKS should have absorbed to use Rasmussen's or its own STC, and thus represents the amount of CKS's unjust enrichment under its implied contract with Rasmussen. See Cassinos v. Unicn Oil Co. of Cal., 18 Cal.Rptr.2d 574, 584 (Cal.App.1993) (damages for unjust enrichment on trespass claim equalled amount of money that defendant would have to pay to dispose of excess water); Lucky Auto Supply v. Turner, 53 Cal.Rptr. 628 (Cal.App.1966) (damages for unjust enrichment on conversion claim Limited to plaintiff's lost profits but not extending to defendants' additional rental revenue). We therefore affirm the district court's alternative holding granting Rasmussen $95,000 on its unjust enrichment claim.
 
 
 10
 Finally, Rasmussen's deterrence argument is unpersuasive. The district court found that Rasmussen was not entitled to punitive damages and Rasmussen has not appealed this ruling. We see no reason to award punitive damages under the veil of unjust enrichment in this case.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3